**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667, Ext. 106
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rajat Mohindra and Garima Mohindra, husband and wife,<br><br>    Plaintiffs,<br>vs.<br><br>BlueCross BlueShield of Texas, a foreign corporation; American Airlines, Inc., a foreign corporation; American Airlines, Inc. Health & Welfare Plan,<br><br>    Defendants. | No.<br><br>**COMPLAINT** |

Plaintiffs Rajat and Garima Mohindra ("Mohindra") for their Complaint against Defendants allege as follows:

**PARTIES**

1. Rajat Mohindra and Garima Mohindra ("Mohindras") are husband and wife and are residents of Maricopa County. Rajat and Garima are parents of "LM."

2. At all relevant times, Rajat Mohindra worked for American Airlines, Inc. ("American") and continues to work for American.

3. Defendant American Airlines, Inc. Health & Welfare Plan ("Plan") is an ERISA plan created to provide American Airlines employees and dependents with health insurance.

4. Defendant BlueCross BlueShield of Texas ("BCBS TX") is a Texas corporation authorized to do business in Maricopa County, Arizona, as a utilization review organization.

5. BCBS TX is the third-party claims administrator for the Plan and makes all initial and appeal claim determinations.

6. Contributions from American and its employees fund the Plan.

7. On information and belief, the Plan also carries stop-loss insurance to cover claims over a certain number.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants under ERISA 29 U.S.C. § 1132. Defendants have caused events to occur in Arizona, out of which the Mohindras' claims arise.

9. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

10. All Defendants reside and are found within this District as defined by the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## FACTUAL BASIS

11. As defined by 29 U.S.C. § 1002(16)(A), American Airlines is the plan administrator.

12. As defined by 29 U.S.C. § 1002(16)(B), American Airlines is the plan sponsor.

13. BCBS TX is a plan and claims fiduciary defined by 29 U.S.C. § 1102(a)(2).

14. The Plan's summary plan description ("SPD") is the Plan's written instrument.

15. The Plan offers in-network and out-of-network access to physicians.

16. The Plan covered the Mohindras and LM.

17. LM was born in October 2015 with bilateral congenital ear problems of atresia and microtia. LM's left ear canal was missing, his outer ear was extremely deformed, and he was functionally deaf. His right outer ear was also deformed.

18. LM underwent a CT Scan on April 18, 2018, ordered by his Phoenix Otolaryngologist, Dr. Michael J. Fucci. Dr. Fucci has treated LM since 2015 and, at all relevant times, he was an In-Network Provider.

19. Historically, the only way to repair microtia and atresia required multiple surgeries and waiting until a patient was between 6 and 10 years old.

20. In 2008, Drs. Joseph B. Roberson and John Reinisch developed "Combined Atresia & Microtia Repair ("CAM"). CAM requires only one surgery and can be done as early as age three.

21. The CAM method is less risky and more effective than the traditional method. Most importantly, it reverses functional deafness at a much earlier age when a child's language skills develop at an extraordinary pace. Drs. Reinisch and Roberson offer this procedure at the CEI Medical Group in Los Angeles, California.

22. CAM does not have a specific Current Procedural Terminology ("CPT") code assigned to it, so Drs. Reinisch and Roberson bill it as CPT 69399 – Other procedures of the External Ear.

23. Dr. Fucci referred LM to Drs. Roberson and Reinisch for the CAM procedure. Drs. Roberson and Reinisch are not in-network providers under the Plan.

24. No in-network provider in Phoenix or anywhere else in the United States can perform the CAM procedure.

25. The Plan defines a "clinical gap" as a situation where the covered person must seek treatment from an Out-of-Network Provider because an In-Network Provider cannot provide a particular treatment to a covered person. When a clinical gap exists, the Plan covers the full billed charges for the provider.

26. The Plan also defines a "network gap" as a situation where the source of appropriate medical treatment is outside the network gap mile limit. The resulting bill is covered by the Plan when the covered person has received prior approval.

27. The Plan delegates discretion to BCBS TX.

28. Drs. Roberson and Reinisch determined that LM was an appropriate candidate for the CAM and requested preauthorization for the procedure.

29. In a letter dated June 5, 2019, BCBS found the following claims were medically necessary and gave prior approval: 92636001B170H, 927460215D70H, and 928160895W50H. The Request ID is 19156AAAWQ. These claims covered services with Dr. Roberson and Dr. Reinisch under the Plan's policies to cover clinical gaps and network gaps.

30. The letter of medical necessity from CEI identified 69399 CPT billing code. The June 5, 2019, prior approval letter from BCBS TX also identifies that CPT code.

31. On September 18, 2019, LM attended a pre-operative appointment with Dr. Roberson at his office in Palo Alto, California. LM underwent additional diagnostic testing with Dr. Roberson at this appointment.

32. On September 19, 2019, LM underwent surgery on his left ear. Dr. Roberson and Dr. Reinisch performed the surgery.

33. LM attended three post-operative appointments with Dr. Roberson on September 20, 2019, October 10, 2019, and October 16, 2019, with Dr. Roberson.

34. BCBS issued an explanation of benefits for claim no. 92636001B170H dated September 20, 2019, denying $109.25 of $181.00.

35. BCBS issued an explanation of benefits for claim 928160895W50H on October 24, 2019 denying $35,917.48 of $38,500.00 billed.

36. BCBS issued an explanation of benefits for claim 927460215D70H on October 31, 2019, denying $22,204.85 of $32,033.00 billed

37. On June 15, 2020, BCBS advised the Mohindras that the internal appeal process ruled that the Plan did not cover costs incurred from treatment by Dr. Roberson and Dr. Reinisch.

38. The Mohindras requested an Independent External Review Appeal, and BCBS received it on September 13, 2020.

39. In a letter dated October 7, 2020, BCBS stated that the June 15, 2020, letter completed the internal review process. This letter maintained that the Plan did not cover the claims by Dr. Roberson and Dr. Reinisch.

40. On October 8, 2020, a BCBS representative, Rhonda, stated that the appeal request did not meet the criteria for an external review.

41. The Mohindras hired Michelle Riddle, a Board Certified Patient Advocate, and Complete Dignity Healthcare Advocacy to assist in the appeal process.

42. In a letter dated February 3, 2021, Riddle submitted a written request for an Independent External Review (IER) "Clinical Gap" and "Network Gap" Appeal on behalf of the Mohindras.

43. In an email dated March 22, 2021, American admitted that BCBS issued prior approvals for Dr. Roberson and Dr. Reinisch. American denied covering the billed charges because they were Out-of-Network Providers, and there was no record of a gap exception request by the member or provider.

44. American advised Riddle that the claim did not qualify for external review and that its decision was final.

45. The Mohindras have exhausted the administrative appeal process.

## FIRST CLAIM FOR RELIEF
## FAILURE TO PAY BENEFITS (29 U.S.C. § 1132)

46. The Mohindras incorporates all previous allegations.

47. American and BCBS TX entered into a valid and binding contract to provide health insurance coverage benefits for Mohindra.

48. American and BCBS TX was required to provide all medically necessary services to Mohindra.

49. While Dr. Roberson and Dr. Reinisch were Out-of-Network Providers, Mohindras obtained prior authorization for treatment by these providers from BCBS TX.

50. American and BCBS failed to pay health insurance benefits due to Mohindras.

51. The Plan was responsible for covering costs associated with clinical gaps when In-Network Providers cannot provide treatment and network gaps when obtained prior approval. Mohindras met the requirements for clinical gaps and network gaps as outlined by the Plan.

52. American operates under a conflict of interest such that the Court should evaluate its decision with heightened skepticism.

53. BCBS has damaged Mohindra by its failure to pay Mohindra's medical bills.

WHEREFORE, the Mohindras seek damages against American and BCBS as follows:

A. Award damages to the Mohindras for his out-of-pocket expenses for medically necessary care denied by BCBS;

B. Award damages to the Mohindra's for failure to provide proper benefits and coverage under the Mohindras' medical insurance coverage in a sum to be determined at trial;

C. Award Mohindra the cost of suit and reasonable attorneys' fees under 29 U.S.C. § 1132 (g); and

D. Award such other and further relief as the Court deems just and proper.

Dated this 9th day of September 2021

SCHIFFMAN LAW OFFICE, P.C.

By: *s/ Lisa J. Counters*
      Lisa J. Counters